United States District Court
Southern District of Texas
**ENTERED**
February 02, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JACQUELINE G. MARTINEZ, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:21-cv-00450 |
| | § | |
| FAMSA FINANCIAL, INC., | § | |
| | § | |
| Defendant. | § | |

## **ORDER**

The Court now considers Plaintiff's "Motion for Entry of Clerk's Default;"[1] Plaintiff's "Motion to Appear Telephonically for Initial Pretrial and Scheduling Conference;"[2] and "Plaintiff's Discovery/Case Management Plan Under Rule 26(f) of the Federal Rules of Civil Procedure."[3] Plaintiff asserts that "[d]espite being duly served with Plaintiff's complaint, Defendant has failed to appear or otherwise respond to Plaintiff's complaint."[4]

Plaintiff Jacqueline G. Martinez filed the instant action against Defendant FAMSA Financial Inc. on November 24, 2021, seeking redress for violations of the Telephone Consumer Protection act ("TCPA"), 47 U.S.C. § 227 *et seq*., and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392 *et seq*.[5] Plaintiff now asserts that it served Defendant on December 10, 2021, and Defendant has failed to answer.[6] Plaintiff seeks the clerk's entry of default.[7]

---

[1] Dkt. No. 12.
[2] Dkt. No. 13.
[3] Dkt. No. 14.
[4] Dkt. No. 12 at 2.
[5] Dkt. No. 1.
[6] Dkt. No. 12 at 1, ¶ 2. *See also* Dkt. No. 11.
[7] *Id*. at 1, ¶ 6.

Because it is important to keep straight default language, a review of the terms regarding defaults is appropriate. A *default* occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise. After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a *default judgment*.[8]

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."[9] A party has twenty-one days after being served to answer or otherwise respond to a plaintiff's complaint.[10]

Here, Plaintiff properly served Defendant FAMSA Financial, Inc. via its agent for service of process on December 10, 2021.[11] Defendant FAMSA Financial, Inc.'s answer was therefore due on January 3, 2022, but Plaintiff correctly notes that Defendant has failed to respond.

In light of Defendant's unresponsiveness, the Court agrees that the clerk's entry of default is proper under Rule 55(a). Accordingly, the Court **ORDERS** the Clerk of the Court to enter the clerk's default against Defendant FAMSA Financial, Inc.

Additionally, the Court **CANCELS** the initial pretrial and scheduling conference currently set for February 11, 2022[12] and **DENIES AS MOOT** Plaintiff's motion to appear telephonically for initial pretrial and scheduling conference.[13] Further, the Court **ORDERS** the parties to appear

---

[8] *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (citation omitted).
[9] FED. R. CIV. P. 55(a).
[10] FED. R. CIV. P. 12(a).
[11] Dkt. No. 11.
[12] Dkt. No. 8.
[13] Dkt. No. 13.

for a status conference on **March 21, 2022, at 9 a.m.** and to file a status report no later than **March 11, 2022**.

    IT IS SO ORDERED.

    DONE at McAllen, Texas, this 2nd day of February 2022.

                                                               Micaela Alvarez
                                                   United States District Judge